Whitaker, Senior Judge,
delivered the opinion of the court:
Plaintiff, a veterans preference eligible, seeks back pay on the ground that his separation for inefficiency, from a GS-12 Management Analyst position with the Department of the Army, was unlawful. He says the Department failed to follow its own regulations in two particulars: first, section 169 of its Handbook entitled “Civilian Personnel Procedures Handbook”; and, second, section 163(b) thereof. The first-mentioned section requires the agency to place an employee, found to be inefficient in his present position, in some other position for which he is qualified, if such position can be found. The second requires that his separation be approved both by the operating branch and by the Civilian Personnel Division. He also says that the finding that he was inefficient was arbitrary and capricious.
Plaintiff was notified by letter of May 15, 1961, that his removal for inefficiency on account of unsatisfactory performance of duty was proposed, to be effective June 30,1961. The May 15,1961, letter set out and discussed eight respects in which plaintiff’s work was considered deficient; it also advised him of his right to reply personally and in writing. Plaintiff replied in writing by a letter dated May 31, 1961. *174 After consideration of bis reply, it was determined that tbe removal was warranted and plaintiff was so notified by letter dated June 9, 1961. This letter also informed plaintiff of his right to appeal to the Civil Service Commission pursuant to section 14 of the Veterans’ Preference Act of 1944, 5 U.S.C. §863 (1964).
Plaintiff took such an appeal by letter dated June 12,1961, and requested a hearing, which was held on August 16,1961. (In the meantime, on June 30, 1961, plaintiff had been removed for inefficiency.)
The Director of the Third Civil Service Eegion found that the charges of inefficiency were generally sustained by the evidence and that there was no procedural error, but he concluded that the degree of inefficiency did not justify plaintiff’s removal and that it would not promote the efficiency of the service within the meaning of section 14 of the Veterans’ Preference Act, 5 U.S.C. § 863 (1964). The agency appealed.
The Board of Appeals and Eeview reversed the decision of the Eegional Director on March 2, 1962, on the ground that it was within the agency’s sole discretion to decide whether plaintiff should be removed or retained in some other position.
Plaintiff, by letter of March 20, 1962, requested the Civil Service Commission to reconsider the decision of the Board of Appeals and Eeview. The request was denied and plaintiff was notified by letter of August 28,1962, that his administrative remedies were exhausted.
In a letter dated October 12,1962, plaintiff’s counsel wrote the Civil Service Commission requesting findings of fact as to whether the agency was required to follow its own regulation (specifying paragraph 169(b) of the agency’s Handbook, which required that plaintiff should also have been considered for any other available position for which he could qualify). Plaintiff’s attorney was notified by letter of December 19,1962, that the decision not to reconsider the Board of Appeals and Eeview’s determination had been vacated for further consideration of the agency’s compliance or non-compliance with its own regulations. The case was remanded to the Eegional Office for consideration of this question.
*175 The Regional Office found that the agency had complied with section 169 (b), although plaintiff had not been so informed. Failure to give plaintiff this information was held not to be required by the Handbook. By letter of February 13, 1963, plaintiff’s counsel appealed the Regional Director’s decision to the Board of Appeals and Review, which affirmed by letter dated March 18,1963.
Plaintiff’s counsel then addressed to the Civil 'Service Commission a letter, dated April 2, 1963, requesting reversal of the Board of Appeals and Review on the merits and also for the failure of the agency to follow section 163(b) of its Handbook. As stated above, this section required: “His answer will be considered by officials of both the operating branch where he is assigned and the Civilian Personnel Division.” The Civil Service Commission by letter of May 16, 1963, informed plaintiff’s counsel that the representations on behalf of plaintiff do not demonstrate probable error in the previous decision of the Board of Appeals and Review, and therefore do not warrant reopening under his section 14 appeal. Plaintiff’s counsel thereafter requested that the Civil Service Commission reopen the appeal because plaintiff had not been informed that his answer to the charge of inefficiency had been considered by officials of the operating branch to which he had been assigned (an alleged violation of section 163(b) of the Handbook). By letter of May 31, 1963, plaintiff was advised that the Civil Service Commission had completed consideration of the matter with its decision of May 16, 1963.
Plaintiff was re-employed on June 10,1963, by the United States Naval Personnel Research Activity (he had formerly been employed by the Army) as a Management Analyst GS-11. He filed his petition in this court on May 28, 1964, seeking judgment for the amount he would have received had he not been removed, for the period between his dismissal and date of judgment, less set-offs for the amount he has received since his reemployment.
The case is now before the court on cross-motions for summary judgment.
Plaintiff contends here that the agency violated two procedural regulations (section 169(b) and section 163(b)) in *176 effecting Ms removal for inefficiency, on tire ground that the agency failed to give plaintiff notice that it complied ivith these regulations (i.e., plaintiff was not notified that the agency had considered him for other available positions— section 169 (b) ; nor was he notified that his answer had been considered by both officials of the operating branch and the Civilian Personnel Division — section 163(b)). However, these regulations do not require that the employee be told that the necessary consideration was given. All that is required is that the required consideration be given in fact. It is clear that this was done: i.e., with regard to section 169(b), the Civil Service Commission so found, a finding which is not demonstrated to be arbitrary and capricious; and with regard to section 163 (b), by uncontested affidavits of agency officials.
Plaintiff also contends that the agency and the Civil Service Commission acted erroneously on the merits. However, plaintiff has failed to demonstrate that either the agency or the Civil Service Commission was arbitrary or capricious in any way in deciding that his removal for inefficiency was justified.
Plaintiff’s motion for summary judgment is denied, defendant’s motion is granted, and plaintiff’s petition is dismissed.